## CRANE v. MASON.

Error—muskrat trapping—trespass—justification.

In trespass for carrying away muskrat traps, it is competent for the defendant to show that he was possessed of the muskrat marsh, and that the plaintiff, without authority, set his traps there, with intent to catch the muskrats and convert them to his own use, and that the defendant removed the traps from the marsh to a place where the plaintiff could get them.

ERROR.   Mason sued Crane in the Common Pleas in trespass, for taking and carrying away sixteen muskrat traps, &c.   Crane pleaded the general issue, and gave notice under the statute, that one Chapman owned, and was possessed of a certain muskrat marsh, where large numbers of male and female muskrats wonted and burrowed, and that Mason, without authority, went upon said marsh, and set his said traps, with the intent to catch the muskrats, and convert them to his own use, and Crane, as the servant of Chapman,

[Worden *v.* Smith.]

and by his direction, to prevent the said injury, carried the said traps away from the marsh, but left them where Mason could get them, which was the only taking, &c.

On the trial, Mason proved, that he set the traps in the marsh, their value, and that Crane took thirteen of them away. The defendant, Crane, offered to prove that one Winthrop, long before, had the ground surveyed, and exercised acts of ownership over it; that he leased to Schoster, under whom Chapman held, and to whom he paid rent before the act was committed, and that Crane was his servant, and acted under his command, &c. which being objected to, was ruled out by the court. It is claimed the court erred in ruling out the evidence, and for this error the writ is brought.

*Hopkins,* for the plaintiff in error.

WOOD, J.   We are not very well versed in the law of the muskrat trappers; but, as it seems to us that the evidence offered and rejected, tended to show that Mason was himself the wrong-doer, and that Crane was no trespasser, it was competent under the issue, and should have been received. The court erred in rejecting it.

For this error, the judgment and proceedings since the making up the issue, are reversed with costs, and the cause is remanded to the Court of Common Pleas, with instructions to reinstate it and proceed.